UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCO HART, JR., and SHANTEL PYE,

        Plaintiffs,

              v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

_____/

Case No. 2:20-cv-10573

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [20]**

Plaintiffs, Shantel Pye and Marco Hart, Jr., bring this action against Defendant, State Farm Fire and Casualty Co., their insurance company, for its refusal to submit to appraisal the value of property damaged by a fire at their home on July 20, 2019. (Am. Compl. ¶¶ 8-22). Although Plaintiffs claim losses in excess of $286,916.05, Defendant has paid only $96,539.84 on their claim. (ECF No. 5-3, PageID.193-97; ECF No. 20-3, PageID.485, 487). Plaintiffs have moved for summary judgment and argue not only that appraisal is warranted, but that several portions of Defendant's appraisal policy should be voided as contrary to MICH. COMP. LAWS ("MCL") § 500.2833(1)(m). (ECF No. 20, PageID.390). Although a hearing was initially scheduled for August 25, 2021, the Court has now determined that the instant Motion [20] is appropriate for determination without a hearing

1

pursuant to L.R. 7.1(f)(2). For the reasons articulated below, Plaintiffs' Motion [20] will be **GRANTED in part and DENIED in part**.

### BACKGROUND

On July 20, 2019, Plaintiffs' home in Detroit, Michigan, was damaged by fire and smoke. (ECF No. 5-3, PageID.193-197). Plaintiffs were insured by Defendant at the time of the damage through a homeowners insurance policy (No. 82-EE-X146-2). (ECF No. 20-2, PageID.425). Although Defendant accepted liability for the damages caused by fire and smoke, it disagreed with the amount and scope of loss alleged by Plaintiffs, and paid only $96,539.84 on their claim. (ECF No. 20-3, PageID.485, 487). Accordingly, Plaintiffs demanded on February 10, 2020, that the parties' differences be resolved through appraisal. (ECF No. 20-4, PageID.489). On February 11, 2020, Defendant rejected the demand and refused to participate in appraisal, stating:

> We acknowledge receipt of your letter of February 10, 2020, requesting Appraisal.
>
> The amounts listed on the Proof of Loss and our estimate are not for the same scope of repairs. Difference in scope of damages are a matter of coverage and not of price.
> We have also not been presented with a written, itemized documentation of the specific items you are disputing in the State Farm estimate.
>
> Therefore, we respectfully decline your request for Appraisal because Appraisal is not the appropriate remedy to resolve scope and coverage issues.

(ECF No. 20-5, PageID.492). Plaintiffs responded by initiating the instant litigation.

### STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A 'material' fact is one that 'might affect the outcome of the suit under the governing law.' And a genuine dispute of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the [nonmoving] party.'" *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849 (6th Cir. 2020) (citations omitted) (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); then quoting *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016)).

The moving party bears the burden of demonstrating an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

> If the moving party meets this burden, the burden then shifts to the nonmoving party to establish a "genuine issue" for trial via "specific facts." Additionally, the moving party is entitled to summary judgment when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Abu-Joudeh*, 954 F.3d at 840 (citations omitted) (quoting *Celotex Corp.*, 477 U.S. at 322, 324).

The Court views all of the facts in the light most favorable to the nonmoving party and draws "all justifiable inferences" in the nonmoving party's favor.

*Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "In other words, 'at the summary judgment stage[,] the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Jackson*, 814 F.3d at 775 (alteration in original) (quoting *Anderson*, 477 U.S. at 249).

## ANALYSIS

Michigan law requires the following provisions to be included in any fire insurance policy "issued or delivered" in the State:

> That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

MCL 500.2833(1)(m).

Any provision of a fire insurance policy, which is contrary to [MCL 500.2833(1)(m)], shall be absolutely void, and an insurer issuing a fire

4

insurance policy containing any such provision shall be liable to the insured under the policy in the same manner and to the same extent as if the provision were not contained in the policy.

MCL 500.2860.

Plaintiffs allege that Defendant's Policy Form HW-2122 contains nine provisions that should be void as contrary to MCL 500.2833(1)(m), and argue that the Court should order appraisal. (ECF No. 20, PageID.393). Defendant disagrees, and argues that, in any case, Plaintiffs' allegations are only ripe as to one of the nine provisions because the others have not been asserted against Plaintiffs. (ECF No. 21, PageID.539).

## I.  Plaintiffs' Challenges to Defendant's Appraisal Provisions Are Ripe

A claim may not be adjudicated on its merits if it is unripe. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997). "A claim is unripe when it 'is anchored in future events that may not occur as anticipated, or at all.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019) (quoting *id.*). Here, Plaintiffs concede that Defendant has not yet attempted to enforce eight of the nine appraisal provisions found in Policy Form HW-2122. (ECF No. 20, PageID.404). Nevertheless, Plaintiffs argue that that all the provisions at issue are ripe for challenge in light of the "so-called broad rule" discussed by the Sixth Circuit in

5

*Myers v. W.-Southern Life Ins. Co.* 849 F.2d 259, 260 (6th Cir. 1988) (quoting *Federoff v. Ewing*, 386 Mich. 474, 480 (1971)).[1]

Under Michigan's broad rule, "an actual showing of public injury" is not required for a court to void a contractual provision as contrary to public policy. *Federoff*, 386 Mich. at 480. This rule was first applied by the Michigan Supreme Court in *Mahoney v. Lincoln Brick Co.*, which explained:

> [A]ll agreements the purpose of which is to create a situation which tends to operate to the detriment of the public interest are against public policy and void, whether in the particular case the purpose of the agreement is or is not effectuated. For a particular undertaking to be against public policy actual injury need not be shown; it is enough if the potentialities for harm are present.

304 Mich. 694, 8 N.W.2d 883 (1943).

In short, the broad rule permits a plaintiff to challenge a contractual provision by which they are bound if that provision operates to the detriment of the public interest, regardless of whether the specific provision has yet caused the plaintiff harm. *See id.* In the language of justiciability, the broad rule means that the issue of whether a contract is against public policy is ripe for adjudication even if the allegedly voidable provision has not yet been asserted. *See Myers*, 849 F.3d at 260

---

[1] Plaintiffs raise this argument for the first time in reply, which is ordinarily impermissible. *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (issue forfeited where not raised in original brief). However, because the issue of ripeness was raised for the first time in Defendant's response, plaintiff's "reply was the first and only opportunity it had to address the issue." *See Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012). Accordingly, Plaintiffs' argument is well-taken.

(explaining that "[t]he test to be applied is not what is actually done, but that which may or might be done under the terms of the contract" (emphasis removed) (quoting *Mahoney*, 304 Mich. 706)). In such a case, the alleged injury must be construed as having occurred at the time the agreement was made. Accordingly, the Court holds that the injury alleged here is not "anchored in future events." *Jackson*, 925 F.3d at 807 (quoting *Nat'l Rifle Ass'n*, 132 F.3d at 284).

   *Shina v. State Farm Fire & Cas. Co.*, No. 20-10080, 2021 U.S. Dist. LEXIS 20993 (E.D. Mich. Feb. 4, 2021), the case on which Defendant heavily relies, is not to the contrary. In *Shina*, the plaintiffs attempted to challenge the same nine provisions as Plaintiffs here, but the court determined that the issue was not ripe. *See id.* at *18 (noting that "it is not clear whether State Farm will attempt to enforce the controversial provisions"). The parties in *Shina*, however, did not discuss the broad rule in their briefing and the court did not mention the issue in its decision. *Id.* Accordingly, it does not appear "that the court considered the issue and consciously reached a conclusion about it." *Wright v. Spaulding*, 939 F.3d 695, 702 (6th Cir. 2019) (citing *Carroll v. Carroll's Lessee*, 57 U.S. 275, 287 (1853)). *Shina* therefore does not alter the Court's conclusion that under the broad rule, each of Plaintiffs' challenges to Defendant's appraisal provisions are ripe.

## II.   With One Exception, the Appraisal Provisions Cited by Plaintiffs are Contrary to MCL 500.2833(1)(m) and Void as Against Public Policy

As set forth below, with one exception, the provisions in Policy Form HW-2122 cited by Plaintiffs make the appraisal process far more burdensome than the Michigan Legislature intended. As such, they are contrary to MCL 500.2833(1)(m) and void as against public policy. *See* MCL 500.2860; *Dettloff v. Hammond, Standish & Co.*, 195 Mich. 117, 136 (1917) (explaining that contracts which violate or "contravene[] the policy and spirit of [state] statute[s]" are void); *see also, e.g.*, *Randolph v. State Farm Fire & Cas.*, 229 Mich. App. 102, 105-06 (1998) (provision void where more burdensome than statute contemplated).

"When a provision in a fire insurance policy is absolutely void, the relevant statutorily mandated provision takes its place." *Home-Owners Ins. Co. v. Perkins*, 328 Mich. App. 570, 584 (2019) (citing *Randolph*, 229 Mich. App. at 105-07; *Jimenez v. Allstate Indem. Co.*, 765 F. Supp. 2d 986, 994-95 (E.D. Mich. 2011)). Accordingly, the void provisions will be substituted with the relevant mandatory provisions of MCL 500.2833(1)(m) "as if the[y] . . . were expressly included in the policy." *Jimenez*, 765 F. Supp. 2d at 993.

1.    **"At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed."**

MCL 500.2833(1)(m) states that "if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal." All that is

required to initiate the appraisal process under the statute is for one party to "make[] a written demand for appraisal." MCL 500.2833(1)(m). The statute does not impose a waiting period or require that the insured provide the insurer any itemized documentation prior to demanding appraisal. Accordingly, these heightened conditions precedent in Policy Form HW-2122 contravene MCL 500.2833(1)(m) and are void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

**2.** **"Each party will select a competent, independent appraiser . . . . The appraisers will then . . . jointly submit to each party a written report of agreement signed by them."**

MCL 500.2833(1)(m) states that "[i]f the appraisers submit a written report of agreement to the insurer, the amount agreed upon shall be the amount of the loss." In other words, the statute allows appraisers to submit a written report of agreement, but does not require them to do so. By mandating joint preparation of a written report of agreement, Defendant ignores the statute's use of the word "if," and seeks to make a voluntary condition mandatory.[2] In addition, were the appraisers required to reach an agreement in writing at the outset, the entire umpire process would become irrelevant surplusage, and "this is not permissible." *Frans v. Harleysville Lake States Ins. Co.*, 270 Mich. App. 201, 206 (2006) (citing *Bageris v. Brandon Twp.*, 264

---

[2] The Sixth Circuit has, on one occasion, suggested to the contrary. *See Evanston Ins. Co. v. Cogswell Props.*, LLC, 683 F.3d 684, 689 (6th Cir. 2012) (construing MCL § 500.2833(1)(m) as "stating that an appraiser and an umpire *must* 'set the amount of loss' by written agreement" (emphasis added)). However, this reference to MCL § 500.2833(1)(m) was merely dicta made in passing and contradicts the plain language of the statute. *Id*; *see Wright*, 939 F.3d at 701-02.

Mich. App. 156, 162 (2004)). Accordingly, the preliminary joint report requirement in Policy Form HW-2122 is also contrary to MCL 500.2833(1)(m) and void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

> **3.   "The appraisers will then attempt to set the amount of loss of each item in dispute . . . . If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, impartial umpire and will submit their differences to the umpire."**

Pursuant to MCL 500.2833(1)(m), "[E]ach party shall select a competent, independent appraiser . . . . The 2 appraisers shall then select a competent, impartial umpire. . . . The appraisers shall then set the amount of the loss and actual cash value as to each item." The statute does not condition the selection of an umpire on a failure to agree upon the amount of loss. Rather, the plain language clearly mandates that selection of an umpire take place *before* the appraisers attempt to set the amount of the loss. Accordingly, the requirement in Policy Form HW-2122 that the appraisers "attempt to set the amount of the loss" before selecting an umpire, as well as the implication that this attempt must last for at least thirty days, are each contrary to MCL 500.2833(1)(m) and void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

> **4.   "The party requesting the selection [of an umpire by a judge] . . . must provide the other party: (a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application . . . ."**

MCL 500.2833(1)(m) states that "[i]f the appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court

10

for the county in which the loss occurred or in which the property is located to select an umpire." The statute simply allows either party to seek assistance from a judge in choosing an umpire. It does not require written notice of any kind to be provided before that assistance is sought. Accordingly, these additional demands in Policy Form HW-2122 are also contrary to MCL 500.2833(1)(m) and void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

**5.      "In all instances the written report of agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute."**

As discussed above, Policy Form HW-2122's written report of agreement requirement is void. This language at issue here, which dictates the way in which that written report must be prepared, is accordingly, also contrary to MCL 500.2833(1)(m) and void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136; *Farm Bureau Gen. Ins. Co. v. Susin*, No. 322405, 2016 Mich. App. LEXIS 756, at *9 (Apr. 19, 2016) ("[T]he statute does not mention a 'schedule of values,' a requirement that the appraisers 'share their schedule of values with each other,' or that they 'act together in remitting their differences for determination by the Umpire.' No language in the statute prohibits the appraisers from meeting together in an attempt to hammer out their differences, but there is also no language requiring them to do so. Apart from setting 'the amount of loss and actual cash value as to each item,' the

statute leaves to the appraisers what procedure they will follow to arrive at an appraisal award.").

6.      **"To qualify as an appraiser or umpire . . . , a person must be one of the following and be licensed or certified as required by the applicable jurisdiction: (1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute; (2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or (3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute."**

Pursuant to MCL 500.2833(1)(m), appraisers must be "competent" and "independent," while umpires must be "competent" and "impartial." The statute imposes no specific qualifications for the chosen individuals, except that "a higher standard of fairness is required from an umpire than from an appraiser." *Auto-Owners Ins. Co. v. Allied Adjusters & Appraisers, Inc.*, 238 Mich. App. 394, 400 (1999). Accordingly, this language in Policy Form HW-2122, which not only artificially limits the pool of appraisers and umpires to individuals with particular certifications, but also fails to impose "a higher standard of fairness" upon umpires, is contrary to MCL 500.2833(1)(m) and void. *Id.*; *see* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

7.      **"A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer: (1) has performed services for either party with respect to the claim at issue in the appraisal; or (2) has a financial interest in the outcome of the claim at issue in the appraisal."**

Under MCL 500.2833(1)(m), "the independent appraiser may be biased toward the party who hires and pays him, as long as he retains the ability to base his recommendation on his own judgment." *Auto-Owners Ins. Co.*, 238 Mich. App. at 401. An appraiser is not disqualified for having "previously served as [an] adjuster[]." *Id.* Nor is an appraiser disqualified for having some financial interest in the outcome of the appraisal process. *See White v. State Farm & Cas. Co.*, 293 Mich. App. 419, 809 (2011) (noting that "appraisers in Michigan are not considered to be quasi-judges" and "hold[ing] that a contingency-fee agreement does not prevent an appraiser from being 'independent' under MCL 500.2833(1)(m)"). Accordingly, as applied to appraises, the above restrictions in Policy Form HW-2122 are contrary to MCL 500.2833(1)(m) and void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

In contrast to an appraiser, an umpire "may not favor either party; he must serve only equity, fairness, and justice." *Auto-Owners Ins. Co.*, 238 Mich. App. at 401. Courts have held, however, that under MCL 500.2833(1)(m), an umpire may be sufficiently "impartial" even where they have previously performed services on the same claim. *See Urbcamcom/Wsu I, LLC v. Lexington Ins. Co.*, No. 12-CV-15686, 2014 U.S. Dist. LEXIS 98484, at *14 (E.D. Mich. July 21, 2014). Accordingly, the requirement that an umpire not "ha[ve] performed services for either party with respect to the claim at issue in the appraisal" is contrary to MCL 500.2833(1)(m) and void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136. However,

13

the other requirement, that an umpire not "ha[ve] a financial interest in the outcome of the claim at issue in the appraisal," is not contrary to the statute and is not void, as someone with such an interest would necessarily be partial. *See Auto-Owners Ins. Co.*, 238 Mich. App. at 401.

8.     **"The appraisal award may not be entered as a judgment in a court."**

For purposes of judicial review, "an appraisal clause 'constitutes a common-law arbitration agreement.'" *Evanston Ins. Co.*, 683 F.3d at 694 (quoting *Davis v. Nat'l Am. Ins. Co.*, 78 Mich. App. 225, 232 (1977)). Although parties may back out of common-law arbitration agreements prior to an award being entered, they cannot do so after an award has been entered. *See Wold Architects & Eng'rs v. Strat*, 474 Mich. 223, 238 (2006). Indeed, the appraisal process set forth in MCL 500.2833(1)(m) "would be hollow" if the party seeking to compel appraisal could not judicially enforce their award. *Yaldo v. Allstate Prop. & Cas. Ins. Co.*, 641 F. Supp. 2d 644, 652 (E.D. Mich. 2009). Against this backdrop, and considering that MCL 500.2833(1)(m) actually contemplates judicial involvement, the Court finds that precluding confirmation of an appraisal award would be contrary to public policy. Accordingly, this portion of Policy Form HW-2122 is also void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

9.     **"A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss."**

14

As Plaintiffs rightly point out, this language would demand that "the insured lose[] [their] statutory and contractual right to appraisal if, after [Defendant] denies coverage in breach of the parties' insurance contract, the insured files an action for breach of contract and demand[s] that the amount of loss be set by appraisal." (ECF No. 20, PageID.410). Such a result is plainly contrary to the intent of MCL 500.2833(1)(m). Nothing in the statute precludes appraisal where one party has previously sought judicial resolution for breach of contract. Defendant's reading of this language—that it simply means that a court order is necessary to initiate appraisal once a lawsuit has been filed—is unpersuasive. Accordingly, this portion of Policy Form HW-2122 is also void. *See* MCL 500.2860; *Dettloff*, 195 Mich. at 136.

### III. Plaintiffs' Claims for Damages Must Be Submitted to Appraisal Under MCL 500.2833(1)(m).

In its response to Plaintiffs' demand for appraisal, Defendant stated, "The amounts listed on the Proof of Loss and our estimate are not for the same scope of repairs. Difference in scope of damages are a matter of coverage and not of price." (ECF No. 20-5, PageID.492). Plaintiffs disagree. They argue that "[Defendant] has conceded coverage for the damage caused by fire and smoke" and that the only issue remaining is "the amount or extent of the damage." (ECF No. 20, PageID.417). Indeed, Plaintiffs are willing to stipulate that they do not request appraisal "for

anything other than the causes of loss for which [Defendant] has conceded coverage." (*Id.*).

"Where the parties cannot agree on coverage, a court is to determine coverage in a declaratory action before an appraisal of the damage to the property." *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482, 487 (1991). However, "once an insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process, as the parties do not dispute liability and only are at odds about the amount of the loss." *D Boys, LLC v. Mid-Century Ins. Co.*, 644 F. App'x 574, 578 (6th Cir. 2016) (citing MCL § 500.2833(1)(m)); *see Smith v. State Farm Fire & Cas. Co.*, 737 F. Supp. 2d 702, 710-11 (E.D. Mich. 2010) ("[T]here is no question as to the legal definition of what is covered under the policy, i.e. damage caused by the fire/smoke is covered and damage caused by . . . other sources[] is not covered. The parties agree on this much. Where the insurer has already conceded coverage for the loss, as State Farm has here, deciding what damages fall into which of the two defined categories seems appropriately addressed by the appraisers . . . ."); *Olivet Coll. v. Ind. Ins. Co.*, No. 1:98-CV-821, 1999 U.S. Dist. LEXIS 24118, at *17-18 (W.D. Mich. Sep. 2, 1999) ("[D]etermination by the appraisers of whether a particular item falls within the general description of the property they are to appraise 'reflects the method of

determining the loss rather than a matter of coverage.'" (citing *Kwaiser*, 190 Mich. App. at 488)).

Defendant argues that the above decisions should not be relied upon because they predate a 2017 Memorandum by the Michigan Insurance Commissioner. (ECF No. 21, PageID.535). However, the Memorandum on which Defendant relies actually cites *Smith* as offering the correct standard and does not contradict *Olivet*. (ECF No. 21-4, PageID.667). Moreover, Defendant's argument that these cases were wrong when decided has been rejected by other courts in this district. *See Shina*, 2021 U.S. Dist. LEXIS 20993, at *13.

Here, like in *Smith* and *Olivet*, the parties agree that damage caused by fire and smoke is covered by the policy. Defendant has not raised any arguments relating to matters of coverage under the policy,[3] and Defendant's letter to Plaintiffs makes clear that the parties' differences relate to "scope of damages" and not to coverage. *See Smith*, 737 F. Supp. 2d at 711 (holding that "a scope-of-loss issue" is not a coverage issue and is "properly decided by the parties' agreed upon appraisers through the appraisal process"). Accordingly, Plaintiffs' claims for damages due to

---

[3] Defendant's contention that it "does not know what it is being asked to appraise and/or pay for" is baffling. (ECF No. 21, PageID.529) Plaintiffs provided Defendant with extensive reports of their alleged losses. (ECF No. 5-3; ECF No. 23-8). The subject of the dispute is plainly the difference between the losses alleged and the amount Defendant has been willing to pay thus far.

the amount and scope of the covered causes of loss must be submitted to appraisal under MCL 500.2833(1)(m).

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment [20] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that with the exception of the requirement that umpires have no financial interest in the outcome of a claim, the challenged provisions of Policy Form HW-2122 are void and shall be substituted with the relevant mandatory provisions of MCL 500.2833(1)(m) as if they had been expressly included in the policy. Defendant remains liable to Plaintiffs in the same manner and to the same extent as if the voided provisions had not been included.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for damages arising out of the causes of loss for which Defendant has conceded coverage—*i.e.* fire and smoke damage from the fire that occurred at Plaintiffs' home on or about July 20, 2019—be submitted to appraisal under MCL 500.2833(1)(m). The determination of the scope of the loss caused by or resulting from that fire and smoke damage constitutes factual matters for an appraisal panel to determine pursuant to MCL 500.2833(1)(m).

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending a determination by the appraisal

18

panel. After the appraisal panel renders a decision, this case may be reopened upon

petition of either party. The Court shall retain jurisdiction to consider motions to

vacate, set aside, or enforce any appraisal award.

   **SO ORDERED.**

                                   s/Arthur J. Tarnow
                                   Arthur J. Tarnow
Dated: August 21, 2021             Senior United States District Judge