UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<span style="font-variant:small-caps">ARCO</span> H<span style="font-variant:small-caps">ART</span>, J<span style="font-variant:small-caps">R</span>., and S<span style="font-variant:small-caps">HANTEL</span> P<span style="font-variant:small-caps">YE</span>,

    Plaintiffs,

        v.

S<span style="font-variant:small-caps">TATE</span> F<span style="font-variant:small-caps">ARM</span> F<span style="font-variant:small-caps">IRE AND</span> C<span style="font-variant:small-caps">ASUALTY</span>
C<span style="font-variant:small-caps">OMPANY</span>,

    Defendant.
                           /

Case No. 2:20-cv-10573

S<span style="font-variant:small-caps">ENIOR</span> U.S. D<span style="font-variant:small-caps">ISTRICT</span> J<span style="font-variant:small-caps">UDGE</span>
A<span style="font-variant:small-caps">RTHUR</span> J. T<span style="font-variant:small-caps">ARNOW</span>

**O<span style="font-variant:small-caps">RDER</span> D<span style="font-variant:small-caps">ENYING</span> D<span style="font-variant:small-caps">EFENDANT'S</span> M<span style="font-variant:small-caps">OTION TO</span> C<span style="font-variant:small-caps">ERTIFY</span> [27]**

Plaintiffs, Shantel Pye and Marco Hart, Jr., brought this action against Defendant, State Farm Fire and Casualty Co., their insurance company, for its refusal to submit to appraisal the value of property damaged by a fire at their home on July 20, 2019. (Am. Compl. ¶¶ 8-22). On February 18, 2021, Plaintiffs moved for summary judgment, arguing not only that appraisal was warranted, but that several portions of Defendant's appraisal policy should be voided and the contract reformed. (ECF No. 20, PageID.390).

On August 21, 2021, the Court granted in part and denied in part Plaintiffs' Motion for Summary Judgment [20]. (ECF No. 25). After finding that Plaintiffs' challenges to Defendant's appraisal policy were ripe for review, the Court voided several of the challenged provisions as against public policy and pursuant to MCL §

1

500.2860, and ordered the parties to submit to appraisal the claims for damages arising out of the causes of loss for which Defendant had already conceded coverage. (*Id.*). Defendant now moves to certify the Court's Order [25] for immediate appeal and to stay proceedings pending appeal. (ECF No. 27). For the reasons articulated below, Defendant's Motion [27] will be **DENIED**.

## LEGAL STANDARD

"Appellate jurisdiction typically extends only to final judgments." *Buccina v. Grimsby*, 889 F.3d 256, 258 (6th Cir. 2018) (citing 28 U.S.C. § 1291). However, the Court of Appeals may permit an appeal to be taken from an otherwise unappealable order if the district judge states in writing that it is "of the opinion that [its] order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . [that] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Where this permission statement has not been included in the opinion, a party wishing to file an interlocutory appeal may move the district court to amend its written decision and certify the appeal. FED. R. APP. P. 5(a)(3). Defendant has filed such a motion here. (ECF No. 27).

Whether or not to grant a motion to certify falls within the sound discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re*

*City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). Indeed, "[d]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. GM, LLC*, No. 18-10347, 2021 U.S. Dist. LEXIS 99166, at *3 (E.D. Mich. May 26, 2021) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)).

## ANALYSIS

Defendant seeks certification on three specific issues: "First, whether Plaintiffs' challenges to [the appraisal] policy provisions . . . are ripe for review. Second, whether the provisions . . . declared void . . . are 'contrary to' M.C.L. § 500.2833(1)(m). Third, whether this Court properly ordered the appraisal to proceed . . . ." (ECF No. 27, PageID.813).

As an initial matter, while the Court agrees that resolution of these issues "could materially affect the outcome of the case," *In re City of Memphis*, 293 F.3d at 351, the Court is not persuaded that they present a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b); *see In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (explaining that such differences may exist where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists

within the controlling circuit; or (4) the circuits are split on the question" (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 U.S. Dist. LEXIS 107527, at *7 (E.D. Mich. Nov. 24, 2008)).

Here, there is no split, either within our circuit or among sister circuits, and the correct resolution of the questions presented are plainly guided by prior decisions. Michigan's "broad rule" allows public policy challenges to contractual provisions to move forward even where they have not yet caused injury. *See Myers v. W.-Southern Life Ins. Co.*, 849 F.2d 259, 260 (6th Cir. 1988) (citing *Federoff v. Ewing*, 386 Mich. 474, 480 (1971)). A challenge under MCL § 500.2860 is the equivalent of a public policy challenge because that statute codifies the longstanding rule that contracts which violate or "contravene[] the policy and spirit of [state] statute[s]" are void. *Dettloff v. Hammond, Standish & Co.*, 195 Mich. 117, 136 (1917). This Court, in voiding certain provisions of the appraisal policy and ordering the parties to proceed to appraisal, did not make an independent assessment of the contract's reasonableness, but did as MCL § 500.2860 and prior decisions demanded it must. *See, e.g.*, *Randolph v. State Farm Fire & Cas.*, 229 Mich. App. 102, 105-06 (1998) (voiding provision where more burdensome than statute contemplated); *see also D Boys, LLC v. Mid-Century Ins. Co.*, 644 F. App'x 574, 578 (6th Cir. 2016) ("[O]nce an insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process,

as the parties do not dispute liability and only are at odds about the amount of the loss." (citing MCL § 500.2833(1)(m)).

Moreover, even assuming *arguendo* that one or more of these issues *would* present "substantial ground for difference of opinion," the Court is not "of the opinion" that "an immediate appeal . . . [might] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351 (alteration in original) (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)). Here, even if the Sixth Circuit reached a different conclusion than this Court on the issues raised by Defendant, the case would still eventually proceed to appraisal. Defendant concedes as much. (ECF No. 32, PageID.939) (expressing concern as to "having to do the appraisal twice"). Accordingly, an interlocutory appeal would only delay the inevitable, and would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Certify [27] is **DENIED.**

**SO ORDERED.**

                                                  s/Arthur J. Tarnow
                                                  Arthur J. Tarnow
Dated: December 3, 2021              Senior United States District Judge